**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| RUDY STANKO, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 2:10-cv-253-JMS-WGH |
| | ) |
| FEDERAL BUREAU OF | ) |
| PRISONS, et al., | ) |
| | ) |
| Defendants. | ) |

**Entry and Order Dismissing Action**

In the Entry issued on December 16, 2010, the court screened the amended complaint pursuant to 28 U.S.C. § 1915A. As a result of the screening, the court: (1) determined "as a result of such screening the only claim not dismissed as legally insufficient is the claim against the federal Bureau of Prisons pursuant to the Administrative Procedures Act ('APA')," (2) dismissed all other claims as legally insufficient, (3) directed the plaintiff to file a second amended complaint not later than January 14, 2011, (4) reinstructed the plaintiff concerning the structure of a proper pleading setting forth a claim (the second amended complaint, in this case), and (5) directed that second amended complaint "be presented as a new document, not a further redaction of the original and amended complaints" (emphasis in original).

Based on the foregoing Entry and other prior proceedings, the task before the court at present is to determine whether the amended complaint filed by plaintiff Rudolph Stanko on February 14, 2011, states a claim upon which relief can be granted. For the reasons explained in this Entry, the court finds that it does not and that the action must therefore be dismissed

## Discussion

Because Stanko is a prisoner as defined by 28 U.S.C. § 1915(h), the court has screened his complaint as required by 28 U.S.C. § 1915A(b). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.; see Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). A complaint states a claim upon which relief can be granted when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009), and "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). In addition, although the requirements of notice pleading are minimal, "a plaintiff can plead himself out of court by alleging facts which show that he has no claim." *Jackson v. Marion County,* 66 F.3d 151, 153 (7th Cir. 1995).

Pursuant to 18 U.S.C. § 3621(e)(2)(B), the Federal Bureau of Prison ("BOP") has the discretion to reduce an inmate's sentence by up to one year if he was convicted of a nonviolent offense and successfully completes its Residential Drug Abuse Program ("RDAP"). The RDAP can be made available to eligible prisoners. An "eligible prisoner" is one who is "determined by the Bureau of Prisons to have a substance abuse problem," and who is "willing to participate in a residential substance abuse treatment program." 18 U.S.C. § 3621(e)(5)(B). Stanko, who is in BOP custody at a prison in this District, was evaluated and found to be ineligible for the RDAP. He claims that he has been improperly denied assignment to the BOP's RDAP. He seeks relief pursuant to the APA, 5 U.S.C. § 706.

The APA authorizes federal courts to set aside agency actions that are either unconstitutional, *see* 5 U.S.C. § 706(2)(B), or are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *See id.* § 706(2)(A). "[A] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.

Stanko alleges that he was denied enrollment in the RDAP in violation of the APA. His effort seeking judicial review of that decision is clear, but it is equally clear that 18 U.S.C. § 3625, which governs imprisonment of inmates, provides that the judicial review provisions of the APA "do not apply to the making of any determination, decision, or order under this subchapter." In short, 18 U.S.C. § 3621 provides that the BOP determines what prisoners are eligible to participate in the RDAP and 18 U.S.C. § 3625 precludes judicial review of that determination pursuant to the APA. *See United States v. Norman*, 2009 WL 1347028 (S.D.Tex. 2009) (holding that the court did not have authority to review the non-placement of a prisoner in the RDAP)*; see also Richmond v. Scibana*, 387 F.3d 602,

605 (7th Cir. 2004)(finding that § 3625 precludes review of agency decisions regarding placement during the last months of incarceration); *Orr v. Hawk*, 156 F.3d 651, 655, n.1 (6th Cir. 1998)(noting that the BOP is exempt from the judicial review and notice and comment provisions of the APA); *Thye v. United States*, 109 F.3d 127, 130 (2d Cir. 1997) ("Decisions to place a convicted defendant within a particular treatment program or a particular facility are decisions within the sole discretion of the Bureau of Prisons.").

A plaintiff "pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits." *Tamayo v. Blagojevich,* 526 F.3d 1074, 1086 (7th Cir. 2008)(citing *Kolupa v. Roselle Park Dist.,* 438 F.3d 713, 715 (7th Cir. 2006)). The foregoing circumstances show that Stanko has done precisely that.

For the reasons explained above, the amended complaint filed on February 14, 2011, fails to survive the screening required by § 1915A because it fails to contain a legally viable claim. Dismissal of the action pursuant to 28 U.S.C. § 1915A(b) is therefore mandatory. *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002).

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 07/28/2011

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana